IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FREDERICK CAMERON,**              )
                                    )
        **Petitioner,**          )
                                    )    CIVIL ACTION
**v.**                              )
                                    )    No. 07-3106-CM
                                    )
**LOUIS BRUCE, Warden, et al.,**    )
                                    )
        **Respondents.**         )
                                    )

## MEMORANDUM AND ORDER

Frederick Cameron, a prisoner at the Hutchinson Correctional Facility in Hutchinson, Kansas, filed a petition *pro se* for writ of habeas corpus (Doc. 1). Petitioner was convicted in state court of possessing marijuana and being a felon in possession of a firearm. He seeks a writ pursuant to 28 U.S.C. § 2254. Specifically, petitioner requests federal relief on the following grounds: (1) there was insufficient evidence to support his conviction; and (2) the state district court sentenced him based on criminal history that was not proved beyond a reasonable doubt and the Kansas Court of Appeals applied the wrong law in affirming his sentence. The court has reviewed the record and petitioner's arguments, and finds that habeas relief is not warranted. For the following reasons, the petition is denied.

**I.     STANDARD OF REVIEW**

Because petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the court reviews petitioner's claims pursuant to the provisions of the Act. *Wallace v. Ward*, 191 F.3d 1235, 1240 (10th Cir. 1999). The Act permits a court to grant a writ only if one of two circumstances is present: (1) the state court's decision "was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).  Absent clear and convincing evidence to the contrary, the court presumes that state court factual findings are correct.  *Id.* § 2254(e)(1).

**II.	BACKGROUND**

In October 2004, Wichita police responded to a domestic violence call.  When they arrived at the house with their vehicle headlights off, police saw petitioner standing in the porch area.  Petitioner left the porch area, went to the north end of the home, ducked by a car, and stood back up.  One of the officers saw a long stick-like form in petitioner's hands before he ducked.  After petitioner left the car and approached the house, one of the officers looked under the car and found a shotgun.  During a search incident to arrest, officers found marijuana on petitioner.  At trial, petitioner stipulated to having a prior felony conviction.

**III.	DISCUSSION**

**A.	Sufficiency of the Evidence**

Petitioner first claims that the evidence was insufficient to support his conviction for criminal possession of a firearm.  When evaluating whether evidence was sufficient to support a conviction, "the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted) (emphasis in original); *Romano v. Gibson*, 239 F.3d 1156, 1164 (10th Cir. 2001) (citing *Jackson*, 443 U.S. at 319).  The court neither weighs conflicting evidence nor considers the witnesses' credibility.  *Messer v.*

*Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1993).  And the court is bound to accept the jury's verdict "as long as it is within the bounds of reason."  *Kelly v. Roberts*, 998 F.2d 802, 808 (10th Cir. 1993) (citations omitted).

Where the petitioner challenges the state court's conclusion that the facts support his conviction, the question presented for the federal court is one of law, which is governed by 28 U.S.C. § 2254(d)(1).  *Torres v. Mullin*, 317 F.3d 1145, 1151–52 (10th Cir. 2003).  The relevant inquiry is whether the state court's decision was contrary to, or involved an unreasonable application of, *Jackson*.  In making this inquiry, the court applies state law regarding the substantive elements of the offense.  *Id.* at 1152 (citations omitted).

Here, the Kansas Court of Appeals carefully reviewed the evidence presented at trial and the standard for convicting petitioner of possessing a firearm.  The court noted that circumstantial evidence was sufficient to support a conviction and that the appellate court was not to reweigh the evidence or judge the credibility of witnesses.  Viewing the evidence in the light most favorable to the prosecution, the Kansas Court of Appeals held that a rational factfinder could have found petitioner guilty of criminal possession of a firearm beyond a reasonable doubt.

The court has reviewed the record, including the trial transcript.  Upon such review, the court finds that the Kansas Court of Appeals applied the correct standard of review, and that its decision is reasonable and supported by the record.  The decision was not contrary to, and did not involve an unreasonable application of *Jackson*.  *See* 28 U.S.C. § 2254(d)(1).

**B.     Use of Criminal History in Sentencing**

Petitioner next claims that the prosecution was required to prove his prior convictions beyond a reasonable doubt to the jury.  The law does not support petitioner's argument, and the Kansas Court of Appeals did not make a finding contrary to federal law when it rejected petitioner's

argument.  *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added); *see also Blakely v. Washington*, 542 U.S. 296, 301 (2004); *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998) (holding that recidivism is not an element of a crime, but a factor to be considered in sentencing).  Petitioner appears to claim that the Kansas Court of Appeals cited improper law in its decision, applying law to petitioner's case that was not yet in effect at the time of conviction.  The court disagrees, and finds no error in the appellate court's application of the law.

**IT IS THEREFORE ORDERED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is denied.

Dated this  2nd day of January 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**